# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT INDIANA

| | |
|---|---|
| JANIE KWIECINSKI,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ILLINOIS FARMERS INSURANCE COMPANY,<br><br>　　　　Defendant. | CAUSE NO.: 2:18-CV-201-TLS |

## OPINION AND ORDER

Plaintiff Janie Kweicinski was working in the course and scope of her employment with the United States Postal Service (USPS) as a rural postal carrier when she was rear-ended by another vehicle. The Plaintiff filed a lawsuit against the driver of that vehicle and sought underinsured motorist coverage from her auto insurance provider, Defendant Illinois Farmers Insurance Company. When the Defendant denied the claim, the Plaintiff filed this action for breach of contract and bad faith. The Defendant has moved for summary judgment, asserting that a "regular use" exclusion within the policy of insurance precludes coverage for the USPS vehicle, and that the Defendant's well-reasoned position related to coverage cannot support a claim for bad faith.

## FACTUAL BACKGROUND

On October 7, 2014, the Plaintiff was driving her normal route as a letter carrier, the same route she had been driving for nine years, six days a week. She had also been driving the same USPS vehicle for between six and seven years. In the course of delivering the mail, another vehicle hit her USPS truck from behind and she suffered personal injuries.

At the time of the accident, the Plaintiff had an auto insurance policy with the Defendant. Part II of the policy provided certain coverage for bodily injury sustained in an accident with an uninsured motor vehicle. The policy included an Endorsement Adding Regular and Frequent Use Exclusion to Part II:

> It is agreed that the following exclusion is added to the Exclusions under Part II of your policy.
>
> Uninsured Motorist Coverage (and Underinsured Motorist Coverage if applicable) does not apply to **damages** arising out of the ownership, maintenance, or use of any vehicle other than **your insured car** . . . which is owned by or furnished or available for the regular use by you or a **family member**.

(ECF No. 17-3 at 31.)[1] The Liability portion of the policy, Part I, contained a similar provision, which declared that coverage did not apply to "**[b]odily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle other than **your insured car,** which is owned by or furnished or available for regular use by you or a **family member.**" (ECF No. 17-3 at 10.)

After the accident, the Plaintiff sought coverage under Part II of the policy. The Defendant denied coverage for the Plaintiff's bodily injuries, and the Plaintiff filed suit. In the first count, the Plaintiff seeks coverage under a breach of contract theory. In the second count, the Plaintiff asserts that the Defendant denied her claim in bad faith. The Defendant removed this action to federal court on the basis of diversity jurisdiction, and moved for summary judgment.

---

[1] The words and phrases that are in bold type are specifically defined in the policy. The Court will keep any bold type that appears in the policy when quoting it in this Opinion and Order.

## ANALYSIS

### A. Standard of Review

Summary Judgment is appropriate when the record before the Court establishes that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the Court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Id.* at 255.

In deciding issues of insurance coverage, the Court must apply Indiana law for contract interpretation. *Allstate Ins. Co. v. Keca*, 368 F.3d 793, 796 (7th Cir. 2004) ("A federal court sitting in diversity has the obligation to apply the law of the state as it believes the highest court of the state would apply it if presented with the issue."); *State Farm Mut. Auto Ins. Co. v. Pate*, 275 F.3d 666, 669 (7th Cir. 2001) ("When the state Supreme Court has not decided the issue, the rulings of the state intermediate appellate courts must be accorded great weight, unless there are persuasive indications that the state's highest court would decide the case differently."). An insurance contract "is subject to the same rules of interpretation as are other contracts." *Morris v. Econ. Fire & Cas. Co.*, 848 N.E.2d 663, 666 (Ind. 2006) (citing *USA Life One Ins. Co. of Ind. v. Nuckolls*, 682 N.E.2d 534, 537–38 (Ind. 1997)). As with other contracts, the interpretation of an insurance contract is a question of law. *Cinergy Corp. v. Associated Elec. & Gas Ins. Servs.*, 865 N.E.2d 571, 574 (Ind. 2007).

## B. Breach of Contract

There is no dispute that the USPS vehicle was not the Plaintiff's insured car under the policy. The uninsured motorist provisions of the policy expressly excluded uninsured motorist coverage for a vehicle that was not insured under the policy and was "furnished or available" for the Plaintiff's "regular use." The USPS vehicle, which the Plaintiff drove on a daily mail delivery route over the span of years, falls within the language of the exclusion. *See, e.g.*, *Smith v. Allstate Ins. Co.*, 681 N.E.2d 220, 223 (Ind. Ct. App. 1997) (finding that employer-owned van that was provided to the plaintiff on a uniform basis to delivery newspapers was "furnished" for "regular use" within the plain meaning of the insurance contract language); *Estate of Kinser v. Ind. Ins. Co.*, 950 N.E.2d 23, 28 (Ind. Ct. App. 2011) (noting that the exclusion applied in *Smith* because the delivery driver and employer had "a mutual understanding that the driver would be given keys to access and permission to drive the vehicle to make deliveries").

The Plaintiff does not specifically address this exclusion, or otherwise argue that the USPS did not provide the delivery vehicle for her regular use. Rather, the Plaintiff argues that she is entitled to coverage because underinsured motorist coverage must, by operation of law, apply the same level of coverage that is extended under the liability section of a policy. "If a person qualifies as an insured under the liability section of the policy, he must also qualify under the uninsured motorists section or the insurance contract violates public policy." *Smith*, 681 N.E.2d at 222.

The Plaintiff thus recognizes that her argument hinges on whether she would be entitled to coverage under the liability portion of the policy had she been at fault in the accident. The Plaintiff argues that she is a named insured for the policy, and that the USPS would also be covered under the liability section "because it is vicariously liable for the acts of its employees

4

while they are in the course and scope of their employment." (Pl.'s Resp. 5, ECF No. 26.) Thus, if the Plaintiff "would have been liable in this accident, which she was not, the Policy would have covered her and the USPS for any damages she caused." (*Id.*)

By focusing discussion on the person covered under the policy, the Plaintiff has ignored the restrictions on the vehicles that are covered—or not covered. The Plaintiff's argument fails to acknowledge that the liability section of the policy included a regular use exclusion that was very much like the one in the uninsured motorist section.[2] Because the vehicle the Plaintiff was driving was not insured but was furnished for her regular use, an accident involving that vehicle would not qualify for coverage under the liability section of the policy. Therefore, "[t]he same exclusion under the uninsured motorists section does not violate public policy because it only excludes those already excluded under the liability section. It does not exclude those who would otherwise qualify as insureds." *Smith*, 681 N.E.2d at 222 (citing *Whitledge v. Jordan*, 586 N.E.2d 884, 887 (Ind. Ct. App. 1992)).

Even if the same exclusionary language for regular use had not been included in the liability portion, and the Court instead focused on the person insured, the Court does not agree that the policy would have covered the Plaintiff's liability (if she had any) under the circumstances of the accident. For liability purposes, the policy excluded from the definition of insured persons the "United States of America or any of its agencies," as well as "[a]ny person for **bodily injury** or **property damage** arising from the operation of a vehicle by that person as an employee of the United States Government when the provisions of the Federal Tort Claims Act apply." (ECF No. 17-3 at 9.) In the Federal Tort Claims Act (FTCA), "Congress waived the

---

[2] The provision in the liability section excluded coverage for "bodily injury" or "property damage," while the provision in the uninsured motorist endorsement excluded coverage for "damages." This is a difference without a distinction, as "damages" are defined in the policy as "the cost of compensating those who suffer **bodily injury** or **property damage** from an **accident**." (ECF No. 17-3 at 8.)

5

United States's sovereign immunity for suits brought by persons injured by the negligence of federal employees acting within the scope of their employment." *Furry v. United States*, 712 F.3d 988, 992 (7th Cir. 2013) (citing *Emp'rs Ins. of Wausau v. United States*, 27 F.3d 245, 247 (7th Cir. 1994)). Negligent handling of postal vehicles is included in that waiver. *See Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 488 (2006). Accordingly, the provision of the FTCA would have applied and the Plaintiff would not have been covered under the policy's liability provision. For this additional reason, the underinsured motorist provision did not violate public policy by limiting "coverage as to persons who would otherwise qualify as insureds for liability purposes." *Whitledge*, 586 N.E.2d at 887.

The Court concludes that there are no factual disputes that require a trial in this matter because the plain language of the policy excluded coverage.

### C. Bad Faith

Because the Court has concluded that the Defendant did not improperly deny coverage, the Plaintiff bad faith claim must necessarily fail. Even if the Court were to find that the Defendant was incorrect in its application of the policy, a good faith dispute about whether the insured has a valid claim does not supply the grounds for a bad faith claim. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993); *see also Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 976 (Ind. 2005). "This is so even if it is ultimately determined that the insurer breached its contract. That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana." *Hickman*, 622 N.E.2d at 520. To prove bad faith in the denial of an insurance claim, "the plaintiff must establish . . . that the insurer had knowledge that there was no legitimate basis for denying liability." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind.

2002). "As a general proposition, '[a] finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.'" *Monroe Guar.*, 829 N.E.2d at 977 (citing *Colley v. Ind. Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998)).

The Plaintiff has not designated any evidence that would convince a jury that the Defendant had no objective reasonable basis to deny her claim, or that the Defendant was aware that it had no reasonable basis to dispute his claim. Rather, the undisputed facts demonstrate that the Defendant had a rational, principled basis for denying coverage.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Illinois Farmers Insurance Company's Motion for Summary Judgment [ECF No. 16]. The Clerk will enter judgment in favor of the Defendant and against the Plaintiff.

SO ORDERED on January 22, 2019.

       s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT